YOUNG v. ALHAMBRA MIN. CO.

(Circuit Court, N. D. Illinois.   December 16, 1895.)

CORPORATIONS—SUIT BY STOCKHOLDER—EQUITY PLEADING—RULE 94.
    A bill by a stockholder against a corporation and its directors, alleging that a majority of the directors, in conspiracy with others, are attempting, through execution sale on an unauthorized judgment note, fraudulently to obtain title to the property of the corporation, and that the complainant learned of these transactions only a few days before the time for redemption expired, need not allege that complainant has demanded that the directors bring suit to set aside such sale, since such demand would be useless.

In Equity.

P. A. Hurd and W. P. Black, for complainant.

Lyman & Jackson and George P. Merrick, for defendant.

GROSSCUP, District Judge.   The bill is by Young, a citizen of Indiana, against the Alhambra Mining Company, a corporation under the laws of Illinois, and Morse, Burchard, Flersheim, Thorne, and Cadwell, officers and directors of such corporation, each a citizen of Illinois, and Montgomery Ward and James B. Wilbor, citizens of Illinois.   The bill shows that, at the time of the transaction com-

plained of, complainant was the owner of 150 shares of the capital stock of the Alhambra Company; that the suit is not brought by him collusively, or for the purpose of conferring jurisdiction upon a court of the United States in a case of which such court otherwise would not have cognizance; and sets up with some particularity the efforts made by complainant to have the suit brought by the directors of the company. Three of the five directors of the company are charged, in the bill, with having conspired with Ward and Wilbor to defraud the company of its property and assets, and, in execution thereof, to have fraudulently and falsely executed to Wilbor a note for something upward of $12,000, without having received any return to the company therefrom, upon which note a judgment was subsequently entered by confession, and execution thereafter taken out, and the property of said company under said execution sold for the sum of $500 to the defendant Wilbor, although it was worth very many times that sum of money. The bill further shows that, under the laws of New Mexico, a period for redemption of one year is allowed, and that such period had but a few days yet to run when complainant's bill was filed. Complainant avers that neither he, nor any of the other stockholders, nor the two directors other than those in the conspiracy, had knowledge of these doings until but a few days before the period of redemption would have expired. The allegations of the bill, in short, make out a case where a majority of directors of a corporation, in conspiracy with others, attempt, through an unauthorized note of the company, and the processes of the court thereon, to fraudulently transfer the ownership of the property from the stockholders to themselves. They also disclose a case where such a scheme will be successful unless the stockholder discovering the fraud is permitted to sustain his action against them, without first going through a formal demand upon the directors to bring an action against themselves. To the bill a demurrer is filed, based upon that clause of the ninety-fourth rule which requires that the efforts made by a stockholder to have the directors or company bring the suit should be particularly set forth. The argument is that no such effort is distinctly shown.

The ninety-fourth rule is nothing more than a means to an end. Its purpose was simply to bring to the knowledge of the court, at the inception of the suit, all the facts upon which an opinion might be formed, whether such suit did really and substantially involve a dispute or controversy properly within the jurisdiction of the court, and whether the parties thereto had, or had not, been collusively joined, for the purpose of creating a case cognizable in such court. The statute of 1875 enabled the court, of its own motion, to dismiss all suits where the arrangement of the parties was collusive, or the controversy was not substantially between citizens of different states. But for the ninety-fourth rule, such collusion or improperly acquired jurisdiction might not appear until the case had greatly imposed upon the time of the court. The effect of the ninety-fourth rule was to make the question of collusion or improper juris-

diction a preliminary one. But, where the bill, in all of its aver-ments, shows that the controversy is substantially between citizens of different states, and that there is no collusion, all of the ends of the rule are already met. To require more would be to exalt the means above the end. The bill here discloses such a case. If a stockholder, who has been shorn of his interest by his trustees, can-not bring suit to arrest their fraudulent doings, there is no justice in laws. If entitled to bring such suit at all, it is a substantial right, which opens to him such a forum as any other substantial right can invoke. It would be a parody upon the statute and the rule to hold that this substantial right must be lost unless the victimized stockholder can, within the time left, get together the guilty parties, and demand of them a suit against themselves,—a suit implying their own business and moral turpitude. Such a pro-ceeding every sensible man, out of a court of justice, knows would never be complied with. For the foregoing reasons, the demurrer will be overruled.