ELDRED et al. v. AMERICAN PALACE-CAR CO. OF NEW JERSEY et al.

(Circuit Court, D. New Jersey. January 13, 1900.)

1. PARTIES—SUIT TO RECOVER ASSETS OF CORPORATION.
In a suit in equity by stockholders of a corporation to compel restitution to such corporation of assets alleged to have been fraudulently transferred, and to be in the possession of defendants, the persons by or through whom the transfer was made are not necessary parties, nor is one who holds certain of such assets as depositary merely, subject to the orders of defendants.

2. CORPORATIONS—SUIT BY STOCKHOLDERS—NECESSITY OF DEMAND ON DIRECTORS.
The purpose of equity rule 94 is to prevent collusion, and to make the question of jurisdiction a preliminary one; and where it appears, from all the averments of a bill by stockholders, that there is no collusion, and that a demand on the directors of the corporation to bring the suit would have been useless, and a mere matter of form, it is not required to sustain the jurisdiction of the court.

In Equity. On demurrer to bill.

E. Q. Keasbey, for complainants.
Robert H. McCarter, for defendants.

KIRKPATRICK, District Judge. The complainants in this case are stockholders in the American Palace-Car Company, a corporation organized under the laws of the state of Maine, and the defendants are the American Palace-Car Company, a corporation organized under the laws of the state of New Jersey, Lawrence S. Mott, Haywood A. Harvey, and Hobart Tuttle. The bill of complaint sets out the means by which it is alleged the defendants obtained possession of certain property, patent rights, etc., the assets of the American Palace-Car Company of Maine, and charges the same to have been without consideration, fraudulent, and illegal. The bill also charges that it is the intention of the defendants, who have the possession and control of the property so acquired, to dispose of the same, and divert the proceeds, so as to deprive the real owner, the American Palace-Car Company of Maine, of any benefit resulting

therefrom. Various methods are suggested in the bill by which the defendants seek to accomplish this purpose. The prayer of the bill is that the said assets so transferred to the defendants may be set aside, and the same restored to the American Palace-Car Company of Maine, in which, as has been said, complainants are stockholders. The bill also asks for a preliminary injunction forbidding the defendants to make disposition of said assets until the determination of the questions involved in the suit. The defendants demur to the bill, and thereby, for the purposes of this motion, admit the facts as stated in the bill, but insist that the bill should be dismissed (1) because the averments of the bill as amended are not in compliance with equity rule 94; (2) because Denham, Scott, Lord, and the State Trust Company, whose names are mentioned in the bill, are not made parties defendant.

It clearly appears from the bill that the transfer of the assets of the Maine company was made by Denham in pursuance of a resolution adopted by the board of directors of the company, that Scott Lord was the intermediary through whom the title passed to the New Jersey company, and that the State Trust Company of New York never held the assets, except for a specific purpose, and holds them now subject to the order of Mott & Harvey, two of the defendants. No relief is sought against Denham, Lord, or the State Trust Company. Denham and Lord have parted with their possession of the disputed assets, and the State Trust Company holds them subject to the order of Mott & Harvey. If it be adjudged that the complainants are entitled to the relief they seek, and that the defendants are wrongfully in the possession of the assets of the Maine company, it is, for the purpose of obtaining restitution, immaterial who operated the machinery by which the transfer was effected, or who acted as intermediaries to accomplish the result. It is not necessary, on the facts stated in the bill, that to give the relief sought there should be any decree against Denham, Lord, or the State Trust Company. They are not, therefore, necessary parties.

As has been said, the transfer of the assets by Denham was made by him acting under the orders of the board of directors of the Maine company, under advice of counsel. The charge is that, in giving such order, the board of directors acted ultra vires. Surely, it would be a mere matter of form, subserving no good purpose, to call upon the board of directors of the Maine company to institute proceedings for the purpose of declaring its own acts illegal. The purpose and effect of the ninety-fourth rule is clearly set out by Judge Grosscup in Young v. Mining Co. (C. C.) 71 Fed. 810. The purpose was to prevent collusion, and make the question of jurisdiction a preliminary one. But, as is well said, "when the bill, in all its averments, shows that the controversy is substantially between citizens of different states, and that there is no collusion, all of the ends of the rule are met. To require more would be to exalt the means above the end." I am of the opinion that the demurrer should be overruled, and the defendants required to answer.