**CATHEDRAL ESTATES, Inc., et al.,**
Plaintiffs-Appellees,

v.

The **TAFT REALTY CORPORATION**
et al., Defendants-Appellants.

No. 52, Docket 23634.

United States Court of Appeals
Second Circuit.

Argued Nov. 10, 1955.

Decided Dec. 6, 1955.

S. Barton, Bridgeport, Conn., Sidney G. Kingsley, New York City, of counsel), for plaintiffs-appellees.

Hugh Meade Alcorn, Jr., R. Graeme Smith, Henry P. Bakewell, Hartford, Conn., for defendants-appellants.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

LUMBARD, Circuit Judge.

Defendants appeal from a judgment against them in a stockholders' derivative suit seeking to set aside the sale of the Hotel Taft in New Haven. The defendants Lebis had a 92% interest in vendor, Taft Realty Corporation, in which plaintiffs are minority stockholders. At the time of the conveyance Samuel Lebis was in control of Taft Realty, and the officers, directors and voting trustees of that corporation were his nominees. The New Haven Realty Corporation, to which the Hotel Taft was conveyed, was wholly owned and controlled by the Lebises and the three directors of that corporation were three of the five directors of Taft Realty.

The plaintiffs' complaint was framed primarily on the theory that the vendee corporation gave only $500,000 and a second mortgage note for $315,000 for the Hotel, whereas the Hotel was worth substantially in excess of $815,000. The complaint also contained allegations that other properties of Taft Realty were diminished in value by the conveyance and that the sale price represented a fraction of the value of the assets sold. On trial the plaintiffs attempted to prove by expert testimony that the Hotel was worth between $1,400,000 and $1,450,000. They also produced expert testimony that the $315,000 note could be discounted for only $142,500 because of its 4% interest rate, its 23 year term, its second mortgage security and other factors. It was also shown that Taft Realty owned premises adjoining the Taft Hotel and referred to as the "annex property." This "annex property" contains the Shubert Theatre, three stores and 110 rooms. It has been managed jointly with the

Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., Sylvester & Harris, New York City (William Reeves, John

hotel building proper, with which it is connected on the floors used for transient guests. The annex obtains its water service and formerly obtained its power from the hotel proper. It contains no public rooms or administrative facilities other than a small lobby with a reception desk.

Judge Smith found that the plaintiffs had not sustained the burden of showing that the Hotel was worth more than $815,000. He found, however, that the note was worth only $142,500, that the market value and operating potential of the other properties of the Corporation were diminished by the sale, and that the defendants had shown no corporate necessity for the conveyance. Concluding that the defendants had failed to sustain the burden of showing the fairness of the sale, he gave judgment for plaintiffs.

██ Defendants contend first that there was a fatal variance between the pleading and the proof since plaintiffs showed that the consideration was insufficient rather than that the Hotel was undervalued as alleged in the complaint. The complaint, however, put the defendants on notice that the adequacy of the consideration and the fairness of the transaction in all its aspects might be drawn in question. If the defendants were really surprised, their remedy was to seek a continuance on that ground; this they did not do. In any event it is unlikely that the defendants were surprised to their prejudice, since the plaintiffs introduced evidence of the insufficiency of the consideration on the sixth day of a sixteen day trial which was conducted over a period of more than seven weeks. Moreover, it appears that the defendants introduced evidence on the value of the note and that the matter was fully and fairly tried. Under these circumstances Rule 15(b), F.R.C.P., 28 U.S. C.A., precludes any objection now. Saper v. Hague, 2 Cir., 1951, 186 F.2d 592; see Clark, Simplified Pleading, 2 F.R.D. 456, 467–468.

██ Defendants next contend that the trial court erred in finding that the consideration was worth less than $815,000 and in concluding that the sale was unfair. Under Connecticut law whenever a corporation enters into a transaction with one of its directors, or with a corporation owned or dominated by one of its directors, the director has the burden of showing that the transaction is entirely fair. Klopot v. Northrop, 1944, 131 Conn. 14, 37 A.2d 700, 703. There was ample evidence to support Judge Smith's finding that defendants here did not sustain that burden. It may not be sufficient proof of the unfairness of a sale to demonstrate merely that a note given as consideration cannot be discounted for an amount equal to the full value of the property sold. A corporation may be justified in assuming a risk of non-payment although one in the business of assuming such risks would require compensation for so doing. But, on the other hand, a poorly secured long term note at a low interest rate is obviously worth considerably less than its face value. However the transaction may be viewed for purposes of bookkeeping, taxation, agents' commissions, or the like, the terms of the note and its discount value were relevant together with other factors in assessing the fairness of this corporate sale. Additional evidence of unfairness is provided by the trial judge's findings that the annex was not suitable for separate operation without extensive remodeling and that its market value was substantially reduced by the sale. And although the directors need not show that a completely fair transaction is also necessary, the lack of necessity is relevant to indicate that a detrimental transaction is not fair. Thus Judge Smith's reliance on this factor in the context of his other findings of detrimental effect and unfairness was proper. But even if there was no evidentiary support for the finding of unfairness, this transaction was properly set aside. The Connecticut cases establish that where interested directors participate in a transaction and their votes are necessary to consummate it, the transaction is voidable irrespective of its fairness. Klopot

v. Northrop, supra, 37 A.2d at page 703; Massoth v. Central Bus Corporation, 1926, 104 Conn. 683, 134 A. 236, 238; see 33 A.L.R.2d 1068. Since a majority of the directors of Taft Realty were also directors of the vendee, no disinterested majority vote was possible here. The transaction was therefore clearly voidable.

■ Defendants next object to the failure of plaintiffs to exhaust their intracorporate remedies. Rule 23(b), F.R. C.P., requires that the complaint in a stockholder's derivative suit set forth with particularity the efforts of plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires and the reasons for his failure to obtain such action or the reasons for not making such effort. Plaintiffs' here alleged in their complaint that they made demand on the voting trustees to bring suit and that they made no demand upon the Board of Directors for the reason that the individual defendants whose acts are complained of control Taft Realty and it would be futile to ask them to sue themselves. The trial judge found in accordance with plaintiffs' allegations and those findings are not now disputed. Defendants now object to the exclusion of evidence which was offered to show that no good faith demand was made on the directors. They also argue that no proper demand was made because the plaintiffs' objection to the transaction on the ground that the consideration was less than $815,000 was not made until trial. They contend that if this objection had been made to the directors, additional consideration might have been provided. Defendants conceded at the trial, however, that they had made no offer of reconveyance and had no intention of doing so. If they had offered to provide additional consideration, this would still not have given plaintiffs the reconveyance they wanted, nor would it have remedied the detrimental effect of the conveyance on the corporation's other properties. It is clear that under Rule 23(b) and its predecessors a demand need not be made on the directors or shareholders where such a demand would be "futile," "useless," or "unavailing," e.g., Delaware & Hudson Company v. Albany & Susquehanna Railroad Company, 1909, 213 U.S. 435, 29 S.Ct. 540, 53 L.Ed. 862; Hyams v. Calumet & Hecla Mining Co., 6 Cir., 1915, 221 F. 529, 538; Whittaker v. Brictson Mfg. Co., 8 Cir., 1930, 43 F.2d 485, 489; Dana v. Morgan, D.C.S.D.N.Y. 1914, 219 F. 313, 314–15, affirmed, 2 Cir., 1916, 232 F. 85; Cohen v. Industrial Finance Corporation, D.C.S.D.N.Y.1942, 44 F.Supp. 491, 495; 3 Moore's Federal Practice 3525–26. And where the directors and controlling shareholders are antagonistic, adversely interested, or involved in the transaction attacked, a demand on them is presumptively futile and need not be made. Delaware & Hudson Company v. Albany and Susquehanna Railroad Company, supra; Arn v. Bradshaw Oil & Gas Co., 5 Cir., 1937, 93 F.2d 728, 730; Ogden v. Gilt Edge Consolidated Mines Co., Inc., 8 Cir., 1915, 225 F. 723; Hyams v. Calumet & Hecla Mining Co., supra; Craftsman Finance & Mortgage Co., Inc., v. Brown, D.C.S.D. N.Y.1945, 64 F.Supp. 168; Winkelman v. General Motors Corporation, D.C.S.D. N.Y.1942, 44 F.Supp. 960, 1022. The allegations of the complaint and the findings of the trial judge adequately demonstrated that the directors and controlling shareholders of Taft Realty had interests in the vendee corporation which conflicted with the interests of Taft Realty. They were the prime movers in the transaction complained of by the plaintiffs. The evidence which they sought to introduce in no way rebutted the obvious inference that a demand on them to reconvey the property would have been futile, no matter what objections the plaintiffs raised. There was therefore a sufficient compliance with Rule 23(b).

■ Defendants object finally to the denial of their motion under Rule 59, F.R.C.P., to reopen the judgment and take additional testimony to show that the $315,000 note would be paid. The trial judge denied the motion on the grounds that there was "no lack of op-

portunity" to present such evidence at the long trial and that "no good reason appears to reopen the case after decision to permit further evidence available at the time of trial." This motion was addressed to the discretion of the trial judge and his determination may not be disturbed except for clear abuse of that discretion. Mayer v. Higgins, 2 Cir., 1953, 208 F.2d 781. No persuasive reason has been shown why this evidence could not have been presented during the trial, nor does it appear that it would have altered the result. There was no abuse of discretion. Patterson v. National Life & Accident Ins. Co., 6 Cir., 1950, 183 F.2d 745, 747; Buder v. Fiske, 8 Cir., 1949, 174 F.2d 260, 265, modified on other grounds, 8 Cir., 177 F.2d 907.

The judgment of the District Court is therefore affirmed.