**Charles P. LIBOFF, Plaintiff-Appellant-Cross-Appellee,**

v.

**Louis E. WOLFSON et al., Defendants-Appellees-Cross-Appellants.**

No. 29872.

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1971.

Raymond Ehrlich, Jacksonville, Fla., Bennett Frankel, New York City, for plaintiff-appellant.

William H. Maness, Joseph M. Glickstein, Jr., Wade L. Hopping, Jacksonville, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and TUTTLE and GODBOLD, Circuit Judges.

PER CURIAM:

The trial court dismissed plaintiff's complaint in a derivative action on the ground that the complaint failed to com-

ply with Rule 23.1 of the Federal Rules of Procedure. This Rule requires:

"* * * The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort."

The complaint alleged as follows:

"Demand by plaintiff that the Board of Directors of the Corporation bring this action would have been futile. The majority of said directors, participated, approved of and acquiesced in said transaction and are liable therefor. The directors of the Corporation would not and could not diligently prosecute this action because they would have to bring it against themselves which would prevent its effective prosecution."

Recognizing both the general approach to the rules of pleading, which tends to minimize the requirements for specificity, as well as the particular requirements of Rule 23.1, as quoted above, we have not the slightest difficulty in deciding that the allegations as to the reason why demand was not made upon the board of directors fully meet the requirements of the rule. The complainant clearly alleged "with particularity" his "reasons for his failure * * * for not making the effort," whether or not the reasons may ultimately be found not to be fully supported. The defendants-appellees conceded on oral argument that the allegation affecting the ownership and control of the Board of Directors was true, at least to the extent that a majority of the board, at the time of the filing of the complaint, would meet the description used as to them, sufficiently to constitute an allegation of fact (without, of course, conceding the truth of any of the substantive allegations).

The judgment of dismissal is reversed. The order of the trial court dealt with in the cross appeal is affirmed.