Paul S. DOPP, on Behalf of himself and all other shareholders of defendant Butler Aviation International, Inc., Plaintiff,

v.

AMERICAN ELECTRONIC LABORA-TORIES, INC., et al., Defendants.

No. 71 Civ. 2903.

United States District Court,
S. D. New York.

May 22, 1972.

152

Rosenman, Colin, Kaye, Petschek, Freund & Emil, New York City, for plaintiff; Arnold I. Roth and Joel W. Sternman, of counsel.

Shea Gould Climenko & Kramer, New York City, for defendant American Electronic Laboratories, Inc.; Leon P. Gold, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendant Price Waterhouse & Co.; John R. Hupper and James F. Gleason, Jr., New York City, of counsel.

Hofheimer, Gartlir, Hofheimer, Gotlieb & Gross, New York City, for defendant Butler Aviation International, Inc.

EDWARD WEINFELD, District Judge.

This derivative action, brought by a shareholder on behalf of Butler Aviation International, Inc. (Butler) seeks dam-

ages in connection with and rescission of the sale to Butler of all the outstanding stock of Mooney Aircraft Corporation (Mooney) by American Electronic Laboratories, Inc. (AEL). The complaint alleges that AEL made covenants, warranties and representations in the contract of sale which were false and misleading, and thereby breached the contract and violated federal securities laws.[1] Officers and directors of AEL, one of whom, Leon Riebman, is also a director of Butler, are charged as individual defendants with having conspired and aided and abetted in the federal securities law violations. Price Waterhouse & Co., which audited and certified Mooney financial statements incorporated in the contract between AEL and Butler, is alleged to have aided and abetted AEL's violations of the federal securities laws and to have been negligent.

Price Waterhouse, joined by AEL and five individual defendants, and at oral argument by Butler, moves, pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, that the complaint be dismissed for failure to allege a proper demand upon the directors and shareholders and to allege facts sufficient to excuse the failure to make such demands as required by Rule 23.1 of the Federal Rules of Civil Procedure.[2] Four individual defendants also move to dismiss the complaint for improper venue. Both motions are denied.

Plaintiff alleges that he brought the subject matter of this action to the attention of the Chairman of Butler's Board of Directors and "call[ed] upon him to take the necessary action to enforce the rights of . . . Butler, but [he] . . . failed and refused to do so." The defendant challenges this as inadequate under Rule 23.1, since plaintiff failed to demand that Butler's Board undertake this action upon the asserted claims.

■ No doubt plaintiff's demand upon the Board Chairman to take the "necessary action" could have been pleaded with greater specificity to indicate that it was addressed to the entire Board and sought to have it commence legal action; however, plaintiff has alleged with particularity the reasons why any further demand would be futile. As already noted, defendant Leon Riebman was a director of both Butler and AEL, and plaintiff charges that he was faithless to his trust as far as Butler was concerned; that he, together with other defendants, acting on behalf of AEL, defrauded Butler. Plaintiff further alleges that Butler's Board is under the control of Riebman, a substantial stockholder in AEL, who would prevent any action against AEL; that Butler was presently involved in controversies with plaintiff and would not comply with any of his demands, and that the present directors of Butler were interested in having AEL vote its large bloc of Butler stock in their favor to perpetuate themselves in office. These allegations, the verity of which must be accepted on this motion,[3] support plaintiff's claim that

1. § 17 of the Securities Act of 1933, 15 U.S.C. § 77q and § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j and Rule 10b–5, 17 C.F.R. § 240.-10b–5, promulgated thereunder.

2. Price Waterhouse also moved for a stay of discovery until the entry of an order disposing of this motion. At oral argument, this court directed that depositions be noticed but stayed until 10 days following the determination of this motion.

3. *See* Overfield v. Pennroad Corp., 113 F.2d 6, 13 (3d Cir. 1940); Issner v. Aldrich, 254 F.Supp. 696, 701 (D.Del. 1966); Citrin v. Greater New York Indus., Inc., 79 F.Supp. 692, 694 (S.D. N.Y.1948). Plaintiff has submitted a voluminous affidavit in opposition to this motion; the court has not considered it or the opposing affidavit or the replies thereto in determining the adequacy of the allegations, although they could have been taken into account. *See* De Pinto v. Provident Security Life Ins. Co., 323 F.2d 826, 830 (9th Cir. 1963), cert. denied, Garsuch v. De Pinto, 376 U.S. 950, 84 S.Ct. 965, 11 L.Ed.2d 969 (1964);

any further demand upon Butler would be futile and are sufficient to comply with the pleading requirements of Rule 23.1.[4]

■ Price Waterhouse urges that even if sufficient reasons have been alleged to indicate the futility of a demand upon Butler's directors to sue AEL, that does not excuse such a demand upon them to sue Price Waterhouse. But the claims against Price Waterhouse are so interlaced with those against AEL that in a realistic sense they cannot be viewed in isolation. It would be totally unrealistic to believe that directors who would not sue AEL would nevertheless single out and sue Price Waterhouse and thereby indirectly establish Butler's claims against AEL. Price Waterhouse is alleged to have aided and abetted AEL in its violations and specifically to have misrepresented the value of Mooney's inventories, a misstatement also charged against AEL. Any suit against Price Waterhouse would require evidence of AEL's transgressions which Price Waterhouse was alleged to have aided and abetted, and specifically it would necessitate discovery and proof concerning the misrepresentations of Mooney's inventories. That information would then be available to Butler shareholders in a derivative action against AEL, seeking, as this suit does, rescission of the Mooney acquisition. When the complaint is viewed as a whole,[5] by alleging the futility of any further demand for suit against AEL and showing the interdependent nature of the claims against AEL and Price Waterhouse, the plaintiff has adequately pleaded the reasons why any demand for suit against Price Waterhouse would be unavailing.

The defendants press cases [6] which in the main apply to the so-called business judgment rule; however, these are not controlling where, as here, it is charged that a Butler director breached his fiduciary duty to Butler, and that the other directors are under his domination and subservient to his wishes.[7]

■■ As to plaintiff's failure to allege any reasons for his failure to make a demand upon the shareholders, Rule 23.1 requires such demand only "if nec-

de Haas v. Empire Petroleum Co., 286 F.Supp. 809, 813–814 (D.Colo.1968), aff'd in part, 435 F.2d 1223 (10th Cir. 1970).

4. *See* Liboff v. Wolfson, 437 F.2d 121 (5th Cir. 1971) (per curiam ) ; Meltzer v. Atlantic Research Corp., 330 F.2d 946, 948 (4th Cir.), cert. denied, 379 U.S. 841, 85 S.Ct. 78, 13 L.Ed.2d 47 (1964) ; Cathedral Estates, Inc. v. Taft Realty Corp., 228 F.2d 85, 89 (2d Cir. 1955) ; de Haas v. Empire Petroleum Co., 286 F. Supp. 809, 813–815 (D.Colo.1968), aff'd in part, 435 F.2d 1223 (10th Cir. 1970) ; Heilbrunn v. Hanover Equities Corp., 259 F.Supp. 936, 939 (S.D.N.Y.1966) ; Eads v. Garcia & Diaz, Inc., 17 F.R.D. 317, 319 (S.D.N.Y.1955) ; Cohen v. Industrial Fin. Corp., 44 F.Supp. 491, 494–495 (S.D.N.Y.1942).

5. *See* Citrin v. Greater New York Indus., 79 F.Supp. 692, 697 (S.D.N.Y.1948) ; Cohen v. Industrial Fin. Corp., 44 F. Supp. 491, 495 (S.D.N.Y.1942).

6. *See, e. g.*, Ash v. International Business Mach., Inc., 353 F.2d 491 (3d Cir. 1965),

cert. denied, 384 U.S. 927, 86 S.Ct. 1446, 16 L.Ed.2d 531 (1966) ; Stadin v. Union Elec. Co., 309 F.2d 912, 921 (8th Cir. 1962), cert. denied, 373 U.S. 915, 83 S.Ct. 1298, 10 L.Ed.2d 415 (1963) ; Swanson v. Traer, 249 F.2d 854, 859 (7th Cir. 1957).

7. *See, e. g.*, Swanson v. Traer, 249 F.2d 854, 858 (7th Cir. 1957) ("If the directors who constitute a majority of the board and who reject the demand are . . . subject to the control of the alleged wrongdoers, then equitable jurisdiction may be invoked and [the stockholder] may proceed to file this suit himself.") *See also* Heilbrunn v. Hanover Equities Corp., 259 F.Supp. 936, 939 (S.D.N.Y.1966). ("It is alleged that one hostile director controls the board and that the individual defendants among them own a preponderant majority of the shares. The obvious conclusion is also stated—that a demand upon the directors to bring the suit 'would be futile.' ")

essary." No such demand is required where, as here, the shareholders could not ratify the alleged wrongs since they constituted violations of federal law,[8] and since the law of Delaware,[9] the state of Butler's incorporation, does not require such a demand, at least in cases where illegality or fraud is alleged.[10]

■ The allegations of fraudulent conduct are more than sufficient to support venue in this district. Venue is proper under the 1934 Act in the district "wherein any act or transaction constituting the violation occurred," [11] and this requires but one act "within the forum district which represents more than an immaterial part of the allegedly illegal events." [12] In view of the fact that Butler had its offices in this district up until eight days before the execution of the organization plan which effected the Mooney acquisition, it would be extraordinary if all the negotiations and transactions leading up to the challenged acquisition transpired outside this district. The affidavits [13] demonstrate that they did not. The first meeting between Paul Dopp, then President and Chairman of Butler's Board of Directors, and Jesse Riebman, Treasurer and Assistant Secretary of AEL, occurred in New York City, a meeting at which they "held a brief discussion about Mooney." This is not in dispute, although the defendants seek to minimize its importance. Telephone calls in relation to the Mooney transaction were made and received at the New York office; letters were sent and received; trips were made from and to New York. Indeed, Butler's verified answer admitted that prior to the date the reorganization plan was executed, AEL and Butler engaged in acts and transactions in connection with the plan in this district. In sum, what is alleged is a scheme to

8. *See* Gottesman v. General Motors Corp., 268 F.2d 194, 197 (2d Cir. 1959) ; Treves v. Servel, Inc., 244 F.Supp. 773, 778 n. 5 (S.D.N.Y.1965) ; *cf.* Steinberg v. Adams, 90 F.Supp. 604, 609 (S.D.N.Y. 1950).

9. *See* Marco v. Dulles, 177 F.Supp. 533, 551 (S.D.N.Y.1959) ; Steinberg v. Adams, 90 F.Supp. 604, 609 (S.D.N.Y.1950) ; Mayer v. Adams, 37 Del.Ch. 298, 141 A.2d 458 (1958) ; 13 W. Fletcher, Cyclopedia of Corporations § 5964, at 366 (1970 Rev.Vol.).

10. The complaint, as already noted, seeks relief both under the federal securities laws and under pendent state claims. On those causes of action arising under state law, a federal court is bound by the rule of the forum state, *see* Hausman v. Buckley, 299 F.2d 696, 700–703. (2d Cir.), cert. denied, 369 U.S. 885, 82 S.Ct. 1157, 8 L.Ed.2d 286 (1962) ; Steinberg v. Hardy, 90 F.Supp. 167, 169 (D.Conn.1950) ; 7A Wright & Miller, Federal Practice and Procedure : Civil § 1832, at 385 (1972), and New York applies the law of the state of incorporation to the question of the necessity for a shareholder demand. Newman v. Baldwin, 13 Misc.2d 897, 179 N.Y.S.2d 19 (Sup.Ct.1958). On federal causes of action, federal courts will also look to the applicable state law to determine whether such a demand is necessary, *see* Gottesman v. General Motors Corp., 268 F.2d 194, 197 (2d Cir. 1959), unless the state law frustrates the purposes of the federal statute. *Cf.* Levitt v. Johnson, 334 F. 2d 815 (1st Cir. 1964), cert. denied, 379 U.S. 961, 85 S.Ct. 649, 13 L.Ed.2d 556 (1965). Here the Delaware rule is consistent with the broadly remedial purposes of the federal securities laws by eliminating what could be an onerous prerequisite to suit.

11. 15 U.S.C. § 78aa. When claims are asserted under both the 1933 and 1934 Acts, it is sufficient if venue is established under the 1934 Act. Puma v. Marriott, 294 F.Supp. 1116, 1121 (D.Del. 1969) ; Zorn v. Anderson, 263 F.Supp. 745, 747–748 (S.D.N.Y.1966).

12. Puma v. Marriott, 294 F.Supp. 1116, 1120 (D.Del.1969). *See also* Schneider v. Sears, 265 F.Supp. 257, 261 (S.D.N.Y. 1967).

13. Extensive affidavits were submitted on the venue motion.

defraud, in which significant acts in its furtherance occurred in this district; there is more than adequate basis to support venue in this district.[14]

14. *See* Jacobs v. Tenney, 316 F.Supp. 151, 158 (D.Del.1970); Puma v. Marriott, 294 F.Supp. 1116, 1120 (D.Del.1969); Schneider v. Sears, 265 F.Supp. 257, 262 (S.D.N.Y.1967); Zorn v. Anderson, 263 F.Supp. 745, 748 (S.D.N.Y.1966); Kane v. Central Am. Mining & Oil, Inc., 235 F.Supp. 559, 565 (S.D.N.Y.1964); Dauphin Corp. v. Redwall Corp., 201 F. Supp. 466, 469–470 (D.Del.1962).

Since the individual defendants are alleged to have participated in the scheme *to* defraud Butler, which included acts within this district, it was not necessary to show that each of them committed acts within this district in furtherance of the scheme. Zorn v. Anderson, 263 F.Supp. 745, 748 (S.D.N.Y.1966); Wharton v. Roth, 263 F.Supp. 922, 923 (E.D. N.Y.1964).