Paulette PAPILSKY, Plaintiff,

v.

Alvin H. BERNDT et al., Defendants.

Harry LEVINE, Plaintiff,

v.

Robert S. DRISCOLL et al., Defendants.

Nos. 71 Civ. 2534, 72 Civ. 3120.

United States District Court,
S. D. New York.

March 16, 1973.

Pomerantz, Levy, Haudek & Block by Abraham L. Pomerantz, and Daniel W. Krasner, New York City, for plaintiff Papilsky.

McConnell, Scheuermann & Davis, by Vincent M. McConnell, New York City, for plaintiff Levine.

Dewey, Ballantine, Bushby, Palmer & Wood by Judson A. Parsons, Jr., Keither E. McClintock, Jr., and Patricia N. Colloton, New York City, for defendants Lord, Abbett & Co., Alvin H. Berndt, and Robert S. Driscoll.

Breed, Abbott & Morgan by Edward J. Ross, and James D. Zirin, New York City, for defendant Affiliated Fund, Inc.

## OPINION

TYLER, District Judge.

We have at least temporarily consolidated these two actions for the purpose of resolving the pre-trial motions discussed below. Plaintiffs are shareholders of defendant Affiliated Fund, Inc., and have brought these two actions derivatively in the Fund's behalf. Defendants are now and were the directors of the Fund during the period under challenge, its principal officers, and Lord, Abbett & Co., the Fund's investment adviser and underwriter. Put briefly, the complaints charge violations of the Investment Company Act of 1940, 15 U.S.C. § 80a–1 et seq., the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., and the Investment Advisers Act of 1940, 15 U.S.C. § 80b–1 et seq. These violations principally concern the manner in which the brokerage commissions generated from the Fund's trading activities were allocated: it is alleged that certain practices, among them reciprocal brokerage, give-ups and interpositioning (as they are known in the trade), redounded to the benefit of the investment adviser instead of the Fund, that the Fund suffered consequently, and that the Fund could have recaptured some of its commissions had its directors not participated in or acquiesced in the challenged practices.

The defendants in both cases have moved to dismiss the complaints, on the grounds that they do not "allege with particularity . . . the reasons for [plaintiffs'] failure to obtain the action or for not making the effort" to obtain the desired action from the directors of the company in whose name the actions are being brought. Rule 23.1, F.R.Civ. P. More specifically, defendants argue that plaintiffs' allegations of domination and control of the unaffiliated directors by the minority affiliated directors are insufficiently precise for purposes of Rule 23.1; they further contend that these allegations are without evidentiary basis, and seek to establish this by their submissions.

In general, the "particularity requirement" has as its underpinning the policy of affording the corporation every chance to bring suit in its own name, to vindicate the rights which the plaintiffs seek to uphold derivatively. The conditions excusing such demand must appear on the face of the complaint, and there is no uniform principle for deciding when the particularity requirement is met. As Professor Moore states it: "There is no unanimity of opinion

amongst the courts, and probably the most straightforward approach is to admit frankly that it lies within the sound discretion of the court to determine the necessity for a demand." 3B Moore's Federal Practice ¶ 23.1.19 at 254 (2d ed. 1969). This discretionary approach has been generally followed by the courts. See, e. g., de Haas v. Empire Petroleum Company, 435 F.2d 1223 (10th Cir. 1970) ; Herpich v. Wallace, 430 F.2d 792 (5th Cir. 1970) ; Fields v. Fidelity General Insurance Company, 454 F.2d 682 (7th Cir. 1971).

■ At the same time, it can be safely stated that "[t]he courts have dispensed with demand when it is clear that the demand upon the directors would meet rejection by them." Moore, *supra* at 255. More significantly, it is the rule in this Circuit that ". . . where the directors and controlling shareholders are antagonistic, adversely interested, *or involved in the transaction attacked,* a demand on them is presumptively futile and need not be made." Cathedral Estates, Inc. v. Taft Realty Corporation, 228 F.2d 85, 88 (2d Cir. 1955) (emphasis added). The most recent reported case on this subject in this Circuit is Dopp v. American Electronic Laboratories, Inc., 55 F.R.D. 151 (S.D. N.Y.1972), where Judge Weinfeld upheld a complaint under similar attack. Even more directly in point is Liboff v. Wolfson, 437 F.2d 121 (5th Cir. 1971) (per curiam). There, the complaint merely alleged that a majority of the directors "participated, approved of and acquiesced in said transaction and are liable therefor." The trial court dismissed the complaint for failure to allege with particularity plaintiff's reasons for not making a demand on the directors; on appeal, the Fifth Circuit summarily reversed, holding that the allegation cited above met the requirements of Rule 23.1, "whether or not the reasons may ultimately be found not to be fully supported." 437 F.2d at 122.

Defendants contend that a reading of the complaints here reveals nothing more than allegations that the unaffiliated directors (who comprise a majority of the board of the Fund) were under the dominion and control of the minority directors, who were partners of the management company. And, defendants rightly cite Lerman v. ITB Management Corporation, 58 F.R.D. 153 (D.Mass. 1973), and the many cases noted therein, for the proposition that the mere allegation of control over a majority of directors of a corporation is insufficient to meet the requirements of Rule 23.1.

■ But, as can be readily seen from the complaints, defendants' contention that the complaints do no more than allege control over the unaffiliated directors is a gross distortion. Although the Papilsky complaint is more precise than the Levine complaint, both allege in substance the following: the affiliated directors (or the "Manager", as the complaint in Levine recites) control and dominate the Fund; the three affiliated directors are the principal officers of the Fund; the individual defendants are presently and were at the time of the challenged actions the directors of the Fund; "the directors participated or acquiesced in the wrongs alleged and are liable therefor" (Papilsky complaint). More than mere control is alleged; both complaints assert that this control is due to the strategic positions of the affiliated directors on the board of the Fund. Even if this were not sufficiently particular for Rule 23.1, however, it should be noted that both complaints allege that *all* directors participated in—or acquiesced in—the challenged transactions, and that they were liable therefor. This, it seems to me, brings the complaints squarely within the teachings of *Cathedral Estates* and *Liboff, supra.*

Nor can defendants find solace in Judge Tauro's opinion in the *Lerman* case, *supra.* There, the complaint as-

serted only that demand was not made because "those in control of the Fund are alleged wrongdoers." Moreover, only one of the five trustees of the Fund in *Lerman* was affiliated with the management company at the time of the suit; indeed, only one was trustee at the time of the challenged transactions. This, obviously, is a far cry from the complaints in the instant actions.

■ Defendants have erected another smokescreen by attempting to introduce voluminous documentary evidence to attack the factual basis of the complaints. Although there is no case directly on point, I think the better view is that the Rule 23.1 requirement of particularity is directed solely to the face of the complaint, and should not provide a forum for resolution of factual issues however presented. As the Tenth Circuit observed in de Haas v. Empire Petroleum Company, *supra:*

> "The allegations [of the complaint] may, of course, become the subject of factual dispute (as here) but the issue remains one for the court and its determination lies within the sound discretion of the court. Courts have generally been lenient in exercising demand." 435 F.2d at 1228.

And Judge Weinfeld, in denying defendants' motion to dismiss in Dopp v. American Electronic Laboratories, Inc., *supra,* said:

> "These allegations, *the verity of which must be accepted on this motion,* support plaintiff's claim that any further demand upon Butler would be futile and are sufficient to comply with the pleading requirements of Rule 23.1." 55 F.R.D. at 153–154 (emphasis added).

Judge Weinfeld specifically asserts in a footnote to this passage that he did not consider the voluminous affidavits which the parties had submitted in judging the adequacy of the pleadings—although he noted that he could technically have done

so, citing DePinto v. Provident Security Life Insurance Company, 323 F.2d 826 (9th Cir. 1963), cert. denied sub. nom. Garusch v. DePinto, 376 U.S. 950, 84 S. Ct. 965, 11 L.Ed.2d 969 (1964). But in that case, the Ninth Circuit noted that it was "normal procedure" to consider only the allegations of the complaint. There were unusual circumstances, however, that led the trial court to hold a hearing: the original suit had been tried and remanded on appeal to reconstitute the parties; an intervening plaintiff sought to join the successor to the defendant fund as a party defendant; this successor in turn sought to intervene as a party plaintiff, and resisted the intervening plaintiff's motion on the basis that no demand upon its directors had been made to intervene in the suit. The judge justifiably concluded that in this situation additional evidence would facilitate resolution of the issues. And in *Lerman, supra,* Judge Tauro received additional evidence, but again with the purpose of attempting to discern the particular reasons why plaintiff had not made demand upon the directors, since the complaint itself was obviously lacking.

Defendants have also moved to strike certain allegations from the complaints, pursuant to Rule 11, F.R.Civ.P. These allegations, according to defendants, charge them with interpositioning, with failure to obtain best executions, with failure to take full advantage of the Third and Fourth Markets, with use of give-ups after 1968, with the receipt of excessive management fees or commissions, and with improper diversion of Fund assets.

Rule 11 reads in relevant part:

> "The signature of an attorney constitutes a certification by him that he has read the pleading; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay."

Rather than challenge the complaint in its entirety on this basis, defendants assert that plaintiffs do not have "good ground" for the allegations which are attacked, and that this warrants striking these allegations. As a basis for their motion, they have submitted the deposition of plaintiff's counsel, as well as certain other additional material.

 These contentions can be disposed of briefly. First, it is not denied here by defendants that the main thrust of the complaint, which alleges the use of "give-ups" and "reciprocals" by the Fund at the direction of the management company, states a valid claim for relief. See Moses v. Burgin, 445 F.2d 369 (1st Cir.), cert. den. sub. nom. Johnson v. Moses, 404 U.S. 994, 92 S.Ct. 532, 30 L.Ed.2d 547 (1971); Papilsky v. Berndt, 466 F.2d 251, 254 n. 3 (2d Cir. 1972). But even assuming that Rule 11 can be so utilized to strike certain allegations within a complaint, which as a whole arguably states a claim, I cannot agree with defendants that these allegations are "sham and false and . . . devoid of factual basis . . . ." Murchinson v. Kirby, 27 F.R.D. 14, 19 (S.D.N.Y.1961). Indeed, as discussed above, defendants have sought by their characterizations of the pleadings to create a trial on paper as to the sufficiency of the evidence which plaintiffs may or may not be able to adduce, at what is essentially but the threshold of litigation.

Defendants' motions to dismiss the actions or in the alternative to strike certain allegations in the complaints are denied. In so denying these motions, I note also that defendants have neither answered the complaints nor the interrogatories of plaintiffs, even though the *Papilsky* action was commenced on June 7, 1971, and the interrogatories served more than seven months ago. Defendants must answer the complaints within fifteen (15) days and the outstanding interrogatories within thirty (30) days from the date below.

It is so ordered.