**178 EAST 80TH STREET OWNERS, INC., Plaintiff–Appellee,**

v.

**Lindsay JENKINS, Defendant–Appellant.**

**No. 04–2615–CV.**

United States Court of Appeals, Second Circuit.

Dec. 22, 2005.

Steven D. Sladkus, Wolf Haldenstein Adler Freeman & Herz LLP, New York, NY, for Appellee.

(On submission) Michael Cohen, Green & Cohen, P.C., New York, NY, for Appellant.

PRESENT: Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 22nd day of December, two thousand five.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Lindsay Jenkins appeals from the denial, by the United States District Court for the Southern District of New York (Casey, J.), of her Rule 59 motion to vacate the judgment issued by Magistrate Judge Maas (entered on January 9, 2004) finding her in contempt of court and assessing her a fine payable to the Appellee, 178 East 80th Street Owners, Inc. ("Co-op"). Judge Maas found that Jenkins had violated the district court's April 9, 2001 Stipulation of Settlement and Order, which adopted the terms of a settlement agreement between the parties pursuant to which Jenkins agreed to various limitations on her right to have overnight guests stay in two units that she owned in the Co-op building. The fine constituted legal fees incurred by the Co-op in pursuing various abusive legal actions precipitated by Jenkins. We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

We review a district court's decision to deny a Rule 59 motion for abuse of discretion. *Hydro Investors, Inc. v. Trafalgar Power, Inc.,* 227 F.3d 8, 15 (2d Cir.2000).

The Rule 59 motion, supported by the affidavit of Jenkins' attorney, contended

that Jenkins and the Co-op agreed to settle their differences for an exchange of mutual releases. However, (A) Jenkins could have presented this evidence at a pre-hearing conference on September 23, 2003 and at the hearing itself on October 3, 2003—both of which she boycotted; and (B) the July 14, 2003 e-mail from the Coop's attorney—which Jenkins contends constituted the settlement "offer" she accepted—referenced only the execution of releases by Jenkins alone, not the execution of mutual releases. *See Gram v. Mut. Life Ins. Co.*, 300 N.Y. 375, 382, 91 N.E.2d 307, 311 (1950) ("[A]n acceptance must comply with the terms of the offer."). Thus, the district court did not abuse its discretion in denying Jenkins' Rule 59 motion. *See Cathedral Estates, Inc. v. Taft Realty Corp.*, 228 F.2d 85, 89 (2d Cir.1955) (holding that district court had not abused discretion in denying Rule 59 motion because "[n]o persuasive reason has been shown why this evidence could not have been presented during the trial, nor does it appear that it would have altered the result").

We have considered Jenkins' remaining arguments and find each of them to be meritless.

For these reasons, the decision of the district court is **AFFIRMED**. The Appellant to bear costs.