Maxwell FIELDS et al., Plaintiffs-Appellees and Appellants,

v.

FIDELITY GENERAL INSURANCE COMPANY, etc., et al., Defendants-Appellants and Appellees.

Nos. 71-1228, 71-1229.

United States Court of Appeals, Seventh Circuit.

Dec. 6, 1971.

Rehearing Denied Jan. 7, 1972.

---

**684**

Jay A. Canel, Erwin I. Katz, Canel & Canel, Chicago, Ill., for Maxwell Fields and others.

William J. Scott, Atty. Gen., Herman R. Tavins, Asst. Atty. Gen., for James Baylor, Individually and As Director of the Ill. Dept. of Insurance; Francis T. Crowe, Asst. Atty. Gen., of counsel.

Joseph A. Lamendella, Robert S. Jacobs, Dennis M. O'Brien, Chicago, Ill., for Fidelity General Ins. Co.; Schippers, Betar, Lamendella & O'Brien, Chicago, Ill., of counsel.

Before SWYGERT, Chief Judge, DUFFY, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.

FAIRCHILD, Circuit Judge.

Pursuant to Ill.Rev.Stat.1969, ch. 73, § 800, the Circuit Court of Sangamon County, Illinois, ordered Fidelity General Insurance Company into statutory rehabilitation (August 21, 1970) and then liquidation (December 4, 1970), under James Baylor, Director of Insurance for the state of Illinois. This appeal arises from a derivative suit subsequently brought by minority shareholders of Fidelity General. Fidelity General and Baylor were joined as defendants.

Count I of the amended complaint alleged that directors of Fidelity General, and other defendants caused a series of transactions, including sales of securities by Fidelity General, resulting in defrauding Fidelity General of substantial amounts, and that the transactions were unlawful under Sections 10(b) and 20 of the Securities Exchange Act of 1934.[1] Count II alleged that Baylor had knowledge of the fraud alleged in Count I and wilfully failed and refused to perform his duty as director of insurance to prevent or rectify such fraud.

The district court denied a motion by defendant Fidelity General to dismiss Count I and, on motion by Baylor, dismissed Count II without prejudice to refiling in state court. Plaintiffs and Fidelity General both obtained leave to appeal pursuant to 28 U.S.C. § 1292(b).

*As to Count I.*

Fidelity General, in its brief, suggests a lack of federal jurisdiction because the facts stated would not constitute a cause of action under Section 10(b) of the Securities Exchange Act. It relied on Superintendent of Ins. of State of N. Y. v. Bankers L. & C. Co., 430 F.2d 355 (2d Cir. 1970). Even if that case is not factually distinguishable, the decision has now been reversed.[2] Count I alleged that defendants, in the course of defrauding Fidelity General, caused it to make sales as well as a purchase of securities and appears to state a cause of action under Section 10(b).

The motion to dismiss was grounded on the pendency of the statutory liquidation of Fidelity General and the failure to plead a demand or a sufficient reason for the failure.

Rule 23.1, F.R.Civ.P. requires, among other things, that in a shareholder's derivative action "The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action he desires or for not making the effort."

Plaintiffs did not allege a demand upon Baylor nor an application to the state circuit court for an order directing Baylor to proceed or authorizing plaintiffs to proceed. They did allege that "[f]or the reasons hereafter stated in Count II any demand upon James Baylor . . . would have been futile." Whether shareholders should be required to make demand as a prerequisite to maintaining a derivative

---

1. 15 U.S.C. § 78j(b) and § 78t.

2. Superintendent of Insurance v. Bankers Life and Casualty Company, 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128.

action is addressed to the sound discretion of the court, ordinarily exercised on the basis of the allegations of the complaint.[3] Insofar as demand on Baylor is concerned, we do not deem it an abuse of discretion, in the light of the allegations in Count II, to have decided that a request to him would have been futile. Moreover, Baylor's stance in the district court and here indicates he is not seeking an opportunity to bring the action, but is objecting to its being brought.

A further problem is presented by the fact that the state liquidation proceedings are subject to judicial supervision and the question of pursuing the alleged cause of action has not been passed upon by the court in charge of the liquidation.

■■ Where a court has appointed a receiver for a corporation, and a shareholder has sought to bring a derivative action, the decisions have not been entirely consistent as to whether the shareholder must obtain consent or other authorization from the receivership court, and whether he may proceed at all if consent be denied.[4] Courts have noted distinctions between a receivership and a statutory liquidation created by the state of incorporation, where, as here, title to rights of action vest in the liquidator under the supervision of a court. Particularly in the latter situation the courts have emphasized the duty of a second court not to interfere with the possession of assets and the jurisdiction of the court in charge.[5] The logical rule appears to be that a shareholder may bring a derivative action if he obtains the approval of the court supervising the receivership or liquidation. It would seem to follow that ordinarily he would be barred if such application were made and refused. The alleged

cause of action would presumably have been properly evaluated by the court in charge of the liquidation, and a sound reason for not bringing the action thus judicially determined.

In the present case, the corporate right of action which plaintiffs seek to prosecute is one created by federal law (although the same facts might give rise to a state law cause of action) and cognizable exclusively in a federal court.[6] Tcherepnin v. Kirby, 416 F.2d 594 (7th Cir., 1969), may imply that there could be unusual circumstances present in the liquidation proceeding so that a federal court would be free to permit a shareholder to proceed with a derivative action, enforcing a corporate federal right, without permission from the court in charge of liquidation, but even if that be so the assertion in this complaint of the charges against Baylor provides no reason for by-passing the Illinois court.

Plaintiffs' failure to allege the state court's consent to the present derivative action is a ground for dismissal of the complaint.[7] It seems more reasonable and better judicial policy, however, to stay the action for a reasonable time and to permit plaintiffs, if they can, to obtain leave of the state circuit court to proceed.

### As to Count II.

■ Plaintiffs contend that the dismissal of Count II of the amended complaint was a wrongful exercise of the court's discretion, citing United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1965), as supplying the appropriate tests. While that case carefully sets out a broadened test for determining the existence of judicial power to hear pendent claims, i. e., derivation from a common nucleus of

3. Robison v. Caster, 356 F.2d 924, 927 (7th Cir., 1966); de Haas v. Empire Petroleum Company, 286 F.Supp. 809, 813 (D.C.Colo., 1968).

4. See Anno.: Receivership as affecting right of stockholder to bring action for protection of himself and other stockholders. 29 A.L.R. 1501; 19 Am.Jur. 2d, Corporations, § 531, p. 66.

5. Lion Bonding & S. Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871 (1923); Clark v. Williard, 292 U.S. 112, 54 S.Ct. 615, 78 L.Ed. 1160 (1934); Motlow v. Southern Holding & Securities Corporation, 95 F.2d 721 (8th Cir., 1938).

6. 15 U.S.C. § 78aa.

7. E. g., *Motlow*, supra, 95 F.2d 721, fn. 5.

operative fact, it likewise makes it clear that "[t]he power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." [8] "[D]ismissal of the pendent claim is presumptively indicated unless the court is convinced that retention would probably create substantial economy, fairness, or convenience." [9]

We are not persuaded that the district court abused its discretion.

In No. 71–1228, the order appealed from is modified so as to stay the action for a reasonable time within which plaintiff may apply to the Circuit Court of Sangamon County, Illinois, for leave to proceed with Count I, the question of dismissal of Count I to be reconsidered if such leave not be obtained. No costs on appeal allowed to either party. In No. 71–1229, insofar as the order dismissed Count II without prejudice, it is affirmed. Costs on appeal allowed to appellee Baylor.

---

8. 383 U.S., at p. 726, 86 S.Ct. at p. 1139, see Lomax v. Armstrong Cork Company, 433 F.2d 1277, 1281 (5th Cir., 1970).

9. "UMW v. Gibbs and Pendent Jurisdiction," 81 Harv.L.Rev. 657 (1968).