**BUNKER RAMO CORPORATION, a Delaware Corporation, Plaintiff,**

v.

**Marvin H. CYWAN, United Business Forms, Inc., An Illinois Corporation, and Edward M. Reif, Defendant.**

**No. 80 C 4494.**

United States District Court, N. D. Illinois, E. D.

April 2, 1981.

---

Douglas M. Reimer, Pamela S. Hollis, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for plaintiff.

James S. Gordon, Edward Slovick, William J. Wise and Anna R. Lavin, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

In this private antitrust action, plaintiff, Bunker Ramo Corporation ("Bunker Ramo"), alleges that defendants, United Business Forms, Inc. ("UBF") and Edward M. Reif ("Reif"), president of UBF, violated section 2(c) of the Robinson-Patman Act, 15 U.S.C. § 13(c), by paying bribes and kickbacks to defendant Marvin H. Cywan ("Cywan"), a systems analyst at Bunker Ramo's Amphenol Industrial Division, in connection with purported sales of business forms by UBF to Bunker Ramo. Bunker Ramo also charges all the defendants with common law fraud, commercial bribery, conspiracy, and Cywan individually with breach of fiduciary duty. Jurisdiction over the federal antitrust claim is asserted pursuant to 15 U.S.C. § 15. The common law counts are brought pursuant to the doctrine of pendent jurisdiction. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Defendants UBF and Reif have moved to dismiss both the federal and state law claims for insufficient pleading of fraud, for lack of subject matter jurisdiction, and for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 9(b), 12(b)(1), 12(b)(6). The Court will first consider the motion to dismiss the Robinson-Patman claim since dismissal of the sole federal cause of action may also result in the dismissal of the pendent claims for lack of subject matter jurisdiction. *United Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 95 S.Ct. 2051, 2064 n.26, 44 L.Ed.2d 621 (1975); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966);

*Fields v. Fidelity General Insurance Co.*, 454 F.2d 682, 686 (7th Cir. 1971).

In its amended complaint, Bunker Ramo alleges that between 1970 and 1975 the defendants engaged in a scheme to defraud the company of more than $200,000 by falsifying purchase orders, delivery receipts, and invoices for business forms that were paid for but never delivered. Bunker Ramo claims that at various times throughout this six-year period Cywan fraudulently submitted false purchase orders for business forms supposedly on order from UBF and signed forged invoices and delivery receipts indicating that UBF had delivered the forms to Bunker Ramo's Amphenol Industrial Division when in reality no such deliveries were made. It is alleged that UBF prepared and submitted false invoices to Bunker Ramo and accepted payment in the amount of $217,763.08 for these undelivered forms. Cywan supposedly received $16,000 in bribes and kickbacks from UBF for his part in the falsification of receipts and purchase orders. The amended complaint further charges that the defendants fraudulently concealed their activities and prevented discovery of the misdeeds until Cywan's federal prosecution for income tax evasion in February, 1980, when the scheme was finally brought to light.

 It is clear that commercial bribery may constitute a violation of section 2(c) of the Robinson-Patman Act.[1] *Grace v. E. J. Kozin Co.*, 538 F.2d 170, 173 (7th Cir. 1976); *Calnetics Corp. v. Volkswagen of America, Inc.*, 532 F.2d 674, 696 (9th Cir. 1976); *Rangen, Inc. v. Sterling Nelson & Sons*, 351 F.2d 851, 858 (9th Cir. 1965). However, a plaintiff, to successfully invoke section 2(c), must allege some competitive injury of the type which the Robinson-Patman Act was designed to protect against. The absence of competitive injury is fatal to an antitrust claim even though the complaining party may have a valid cause of action cognizable in state court under one or several common law theories.

 As envisioned by Congress and interpreted by the courts, section 2(c) is designed to protect and promote competition among businesses competing at the same functional level in the marketing chain. Such competition should be based upon the price and quality of the goods rather than upon the ability of a buyer or seller to extract or pay, as the case may be, a commission or other compensation to one party or his agent in exchange for favorable treatment. *See Federal Trade Commission v. Henry Broch & Company*, 363 U.S. 166, 174, 80 S.Ct. 1158, 1163, 4 L.Ed.2d 1124 (1960); *City of Gainesville v. Florida Power & Light Co.*, 488 F.Supp. 1258, 1280–81 (S.D.Fla.1980). Thus, while a company may be injured when a supplier bribes an employee of that company in order to make a sale, the purchaser's injury is not cognizable under the antitrust laws since it is not a "competitive injury" within the meaning of the statutory framework. Rather, it is the supplier's competitors who have suffered competitive injury as a consequence of the bribe and it is they who have standing to sue under the antitrust scheme. As stated in *Computer Statistics, Inc. v. Blair*, 418 F.Supp. 1339, 1347 (S.D.Tex.1976), "a plaintiff who cannot show competitive injury lacks standing to complain about payments although they literally fit within the language of the statute." *See also Larry R. George Sales Co. v. Cool Attic Corp.*, 587 F.2d 266, 272 (5th Cir. 1979) ("[o]nly if Plaintiff was in the same business and in competition with [the defendants] would he have standing under 15 U.S.C. § 15."); *Rangen, Inc. v. Sterling Nelson & Sons, supra*, 531 F.2d at 858 (". . . the threat to competition posed by such

---

1. Section 2(c) of the Robinson-Patman Act states as follows:

 (c) It shall be unlawful for any person engaged in commerce, in the course of such commerce, to pay or grant, or to receive or accept, anything of value as a commission, brokerage, or other compensation, or any allowance or discount in lieu thereof, except for services rendered in connection with the sale or purchase of goods, wares, or merchandise, either to the other party to such transaction or to an agent, representative, or other intermediary therein where such direct or indirect control, of any party to such transaction other than the person by whom such compensation is so granted or paid.

bribery, brought it within the terms of section 2(c)."); *Falstaff Brewing Corp. v. Philip Morris, Inc.*, 1979–2 Trade Cases ¶ 62,814 at 78,738 (N.D.Cal.1979) ("[w]hether the alleged payments are regarded as commercial bribery or price discrimination, they afford a basis for a section 2(c) claim *by a competitor of the firm making the payments.*") (emphasis added).

■ In the case at bar, Bunker Ramo, a manufacturer of electronic and mechanical products, does not compete in any sense of the term with UBF, a distributor of office and business forms. Their relationship is one of buyer and seller, and regardless of any common law cause of action Bunker Ramo may have against UBF or Reif for fraudulent misrepresentation, commercial bribery, or conspiracy to induce a breach of fiduciary duty, the clear import of the cases cited above is that Bunker Ramo's injury is not cognizable under section 2(c) of the Robinson-Patman Act. *Larry R. George Sales Co. v. Cool Attic Corp., supra; Computer Statistics, Inc. v. Blair, supra.*[2]

Accordingly, the section 2(c) commercial bribery claim will be dismissed for lack of subject matter jurisdiction.[3] It is so ordered.

■ In the absence of a proper federal claim, the Court declines to exercise jurisdiction over the pendent state law claims.[4] Courts and commentators generally agree that when a federal claim is dismissed for lack of subject matter jurisdiction, the court need not retain the pendent state claims in the absence of any prejudice to the parties or the commitment of significant judicial time and effort. *See Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 95 S.Ct. 2051, 2064 n.26, 44 L.Ed.2d 621 (1975); *Fields v. Fidelity General Insurance*

2. Our disposition of the motion to dismiss on standing grounds renders unnecessary any discussion of whether Bunker Ramo has adequately alleged the requisite connection with interstate commerce under section 2(c) and whether the action is otherwise barred by the four-year statute of limitations notwithstanding the allegations of fraudulent concealment.

3. *Grace v. E. J. Kozin Co.*, 538 F.2d 170 (7th Cir. 1976), the sole case relied upon by Bunker Ramo in opposition to defendants' motion to dismiss, is distinguishable from the case at bar. In *Grace*, the plaintiff was the trustee in bankruptcy for S. I. Greene Company, a competitor of the defendant Kozin in the wholesale frozen seafood market. Kane, Greene's vice-president and sales manager, arranged for Greene to purchase substantial quantities of seafood from Kozin as an agent in sales to customers other than Greene. In connection with these *sub rosa* arrangements, Kozin agreed to pay Kane one-half the profits from the sales to Greene and other customers procured by Kane. The court of appeals concurred in the district court's finding "that Kozin and Kane had embarked upon a joint enterprise whereby they purchased seafood products and resold them to Greene and other companies." 538 F.2d at 173. The court found the requisite competitive injury to sustain a cause of action under section 2(c) in Greene's loss to Kane of commissions from the joint venture with Kozin to which Greene would have been entitled had it rather than Kane participated in the enterprise. The court further found that:

the net effect of Kozin's bribery was indirect price discrimination with regard to the prices charged Greene by suppliers potentially common to Kozin and Greene. Thus, because of Kane's interest in the transactions, Greene acquired goods at a price higher than that paid by Kozin or than that which would have been paid by Greene purchasing independently or as Kozin's equal partner. This injury is entitled to redress under Section 2(c). 587 F.2d at 174.

In the case at bar, Bunker Ramo and UBF were not competitors or potential joint venturers in the business form market so that UBF's arrangement with Cywan did not deprive Bunker Ramo of potential commissions or sales in new markets. Furthermore, Bunker Ramo and UBF do not share common suppliers and the complaint, even as amended, does not contain any allegation that Bunker Ramo would have been able to acquire business forms at a cheaper price absent the payments to Cywan. The key factor in *Grace* was that Greene and Kozin were competitors and thus Greene's competitive injury was cognizable under the antitrust laws. The lack of competition between Bunker Ramo and UBF distinguishes the two situations and dooms Bunker Ramo's Robinson-Patman Act claim on the ground that it lacks standing to complain of the illegal payments to its employee in federal court.

4. Although Cywan has not filed a motion to dismiss the amended complaint as it relates to him, the Court may dismiss the state claims against Cywan for lack of subject matter jurisdiction on its own motion pursuant to Fed.R. Civ.P. 12(h)(3). *Choudhry v. Jenkins*, 559 F.2d 1085, 1091 (7th Cir. 1977).

Co., 454 F.2d 682, 686 (7th Cir. 1971); S. Schenkier, *Ensuring Access to Federal Courts: A Revised Rationale for Pendent Jurisdiction*, 75 Nw.U.L.Rev. 245, 292–93 (1980).

This case has been pending on our calendar for less than one year, and the opinion issued today is the first ruling on a matter of substance since the case was filed. The remaining state law claims share a common threshold question regarding the asserted tolling of the applicable state statute of limitations as a consequence of the defendants' alleged fraudulent concealment of their acts from 1970 until February, 1980. This question must be resolved before the merits of the claims for fraudulent misrepresentation, commercial bribery, or breach of fiduciary duty may be considered, and it may be just as easily dealt with in state as in federal court. Moreover, in Count V of the amended complaint, Bunker Ramo attempts to imply a private right of action under *Ill.Rev.Stat.* ch. 38, § 29A–1 (1979), which makes it unlawful to offer or confer any benefit upon an employee without the consent of the employer with the intent to influence the employee's conduct with respect to the employer's affairs. The existence of such a private right of action is apparently a matter of first impression in Illinois and it is more appropriately dealt with initially in the courts of that state.

In sum, the parties will not be prejudiced by continuing this litigation in state court now that the sole federal claim has been disposed of on the motion to dismiss. Accordingly, the pendent claims against UBF, Reif, and Cywan are dismissed without prejudice to a subsequent action in state court.[5] It is so ordered.[6]

---

5. As Professor Moore has noted, "ordinarily a judgment dismissing an action or otherwise denying relief for want of jurisdiction, venue, or related reasons does not preclude a subsequent action in a court of competent jurisdiction on the merits of the cause of action originally involved." 1B Moore's Federal Practice ¶ 0.405[5] at 659 n.13 (2d ed. 1980).

6. In light of the Court's disposition of this matter on the merits, plaintiff's pending motion to vacate the earlier order staying discovery is moot.