[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #109
The plaintiff, George Tibball, brings this action to recover for the alleged breach of contract and breach of fiduciary duty by the defendant, Edwin Galog. Also named as defendant is STG Marketing Communications, Inc. (STG), a Delaware corporation with its principal place of business in Fairfield, Connecticut. In a three-count complaint filed on February 15, 1994, the plaintiff alleges that the owns fifty percent (50%) of the stock issued by STG, and that the also serves as the chief executive officer, president, treasurer, director and chairman of the board of directors for STG. The plaintiff alleges that Galog is also a fifty percent (50%) shareholder of STG, as well as the vice CT Page 8635 president, secretary and director of STG.
The plaintiff alleges that Galog entered into an agreement not to compete with STG, and that Galog breached that agreement by forming a competing corporation, using STG's records, and soliciting STG's customers. The plaintiff further alleges that Galog, as a director and officer of STG, owed a fiduciary duty to STG, and breached this duty in the following ways: (1) the solicited STG's customers on behalf of his competing enterprise; (2) he removed business records from STG's offices; (3) he changed the passwords on STG's computers; (4) he loaned funds belonging to STG to his daughter; (5) he used funds belonging to STG to pay for his personal legal services; (6) he removed equipment from STG's premises; (7) he diverted STG's mail to his home; and (8) he negotiated payments owing to STG to other entities controlled by him.
In the first count of the complaint, the plaintiff alleges a breach of contract claim against Galog. In the second and third counts, the plaintiff asserts claims for breach of fiduciary duty against Galog. In the prayer for relief, the plaintiff seeks money damages a winding up of corporate affairs pursuant to General Statutes § 33-382, the appointment of a receiver pursuant to General Statutes § 33-383(a), and injunctive relief.
On July 13, 1994, Galog filed a motion to dismiss the first and second counts of the plaintiff's complaint (#108) on the ground of lack of subject matter jurisdiction, along with a memorandum of law in support thereof. The file contains no objection or opposition from the plaintiff.
A motion to dismiss properly contests the trial court's jurisdiction, "asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). Subject matter jurisdiction under Practice Book § 143(1) refers to the court's "power to hear and determine cases of the general class to which the proceedings in question belong." Henry F. Raab Connecticut,Inc. v. J.W. Fisher Co., 183 Conn. 108, 111-12, 438 A.2d 834
(1981). The ground of lack of subject matter jurisdiction may be raised by any of the parties, or by the court sua sponte, at any time. Daly v. Hartford, 215 Conn. 14, 28, 574 A.2d 194 (1990). CT Page 8636
In support of his motion to dismiss the first and second counts of the plaintiff's complaint, Galog argues that this court lacks subject matter to hear this action because the plaintiff has failed to allege in support of these counts: (1) that he made a demand upon the corporation to bring suit against Galog; (2) that the corporation rejected his demand and failed to bring suit; and (3) that he is proceeding on behalf of the corporation as a shareholder pursuant to General Statutes § 52-572j.[1] Thus, Galog contends that the plaintiff lacks standing to assert the claims alleged in the first and second counts. (Galog does not challenge the third count of the complaint as the plaintiff alleges in support of this count that he is proceeding as a shareholder pursuant to § 52-572j and that the corporation failed to assert a claim against Galog.)
 Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy.
(Citations omitted.) Nationwide Mutual Insurance Co. v. Paison,219 Conn. 764, 768, 594 A.2d 468 (1991).
 Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather, it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy . . . .
Maloney v. Pac, 183 Conn. 313, 320, 439 A.2d 349 (1981).
Galog argues that the first and second counts should be dismissed because the plaintiff fails to allege in these counts that he is suing on behalf of STG. "A shareholder derivative suit is an equitable action by the corporation as the real party in interest with a stockholder as a nominal plaintiff representing the corporation." Barrett v. Southern Connecticut Gas Co., 172 Conn. 362,370, 374 A.2d 1051 (1977). CT Page 8637
 The use of a nominal plaintiff in a derivative action makes it an unusual procedural device by reason of its dual nature in that it consists of the basic cause of action, which pertains to the corporation and on which the corporation might have sued, and the derivative cause of action, based upon the fact that the corporation will not or cannot sue for its own protection.
Id. "[T]he defendants in a derivative action may properly question whether the plaintiff has standing in equity to act as the nominal shareholder acting on behalf of the corporation and the other shareholders." Id.
Construing the first and second counts in the light most favorable to the pleader, the plaintiff is clearly asserting a shareholder derivative action against Galog. The plaintiff alleges in support of these counts that he is suing in his capacity as a shareholder (as well as in his capacity as an officer and director of STG). While he does not specifically allege that he is suing on behalf of STG, the plaintiff does allege that Galog's wrongful acts and breach of his fiduciary duty caused STG to sustain various injuries. Also, the plaintiff seeks relief (i.e., money damages, injunctive relief, the appointment of a receiver, and a winding up of the corporation) for the benefit of STG. Thus, it appears that the plaintiff has alleged enough facts to apprise the court that he is bringing this action on behalf of STG. Accordingly, the plaintiff's failure to specifically allege in the first and second counts that he is bringing this action on behalf of STG does not deprive the court of subject matter jurisdiction
Galog also argues that the plaintiff lacks standing to bring this action because he failed to make a demand upon the directors of STG to bring the present action against Galog. Under traditional principles of corporate law, the plaintiff in a derivative action must first make a demand upon the corporation's board of directors to bring the action which the plaintiff alleges should be maintained. "Since derivative actions are brought on behalf of the corporation, the demand requirement . . . fulfills the policy that the corporation itself, rather than the shareholders, be given the opportunity to bring the suit." Leff v. CIP Corp. ,540 F. Sup. 857, 868 (S.D. Ohio 1982). See also Mozes on Behalf ofGeneral Electric Co. v. Welch, 638 F. Sup. 215 (D. Conn. 1986). The CT Page 8638 rationale for making a demand or, alternatively, offering a sufficient explanation for failure to make a demand, derives from the principle that the management of a corporation is entrusted to its board of directors who are responsible for acting in the name of the corporation and who are often in a position to correct the alleged wrongful acts without resorting to the courts. RCMSecurities Fund, Inc. v. Stanton, 928 F.2d 1318, 1326 (2d Cir. 1991).
Whether the making of a demand on the directors is excusable is addressed to the sound discretion of the court, and is to be determined based on the allegations contained in the complaint.Fields v. Fidelity General Insurance Co., 454 F.2d 682, 684-85 (7th Cir. 1971); Tasner v. Billera, 379 F. Sup. 815, 825 (N.D. Ill. 1974); deHaas v. Empire Petroleum Co., 286 F. Sup. 809, 813 (D. Colo. 1968), aff'd, 435 F.2d 1223 (10th Cir. 1970); Barr v.Wackman, 329 N.E.2d 180, 188 (N.Y. 1975). "Each case in which there has been no demand must, therefore, by its very nature, be carefully scrutinized and analyzed according to its own unique set of facts, taking into account the totality of the circumstances and the competing interests" Bergstein v. Texas International Co.,453 A.2d 467, 469 (Del.Ch. 1982), appeal denied, 461 A.2d 695
(Del.Supr. 1983).
 [A] stockholder may sue in equity in his derivative right to assert a cause of action in behalf of the corporation without prior demand upon the directors to sue, when it is apparent that a demand would be futile, that the officers are under an influence that sterilizes discretion and could not be proper persons to conduct the litigation.
(Emphasis in original.) Zapata Corp. v. Maldonado, 430 A.2d 779,784 (Del.Supr. 1981). See also Aronson v. Lewis, 473 A.2d 805,814 (Del.Supr. 1984). Formal demand on the directors has been held to be presumptively futile and unnecessary in the following situations: (1) where the directors acquiesce in or are parties to the alleged wrongdoing; Clark v. Lomas Nettleton Financial Corp. ,652 F.2d 49, 53 (5th Cir. 1980), cert. denied, 450 U.S. 1029
(1981); In re Midlantic Corp. Shareholder Litigation, 758 F. Sup. 226,238 (D. N.J. 1990); Leff v. CIP Corp. , supra, 540 F. Sup. 868; (2) where the directors are accused of a patent breach of their fiduciary duties and are named as defendants; Barr v. Wackman, supra, 329 N.E.2d 185; (3) where the directors have profited from CT Page 8639 the transaction underlying the litigation and are named as defendants; Joy v. North, 692 F.2d 880, 887-88 (2d. Cir. 1982); and (4) where the directors and controlling shareholders are antagonistic and adversely interested. VanSchaak v. Phipps,558 P.2d 581, 585 (Colo.App. 1976); Cathedral Estates, Inc. v. TaftRealty Corp. , 228 F.2d 85 (2d. Cir. 1955).
In the present case, the first and second counts set out with particularity a series of wrongs allegedly committed by Galog against STG, including allegations that Galog breached his fiduciary duty. It cannot be expected that Galog, as a director charged with breaching his fiduciary duty, would be amenable to a request to take legal action against himself, had such a demand been made by the plaintiff. While the plaintiff could have pleaded specific allegations with respect to the futility of demand, the allegations in the first and second counts, when read in the light most favorable to the pleader, still provide the court with a factual basis to conclude that demand would be futile in the present case.
The futility of making a demand upon Galog is further supported by the fact that STG is a closely held corporation in which the plaintiff and Galog each own fifty percent of the shares. The court should note that the plaintiff and Galog are both directors of STG, and neither party alleges or otherwise indicates that there are other independent directors on STG's board of directors. In such a situation, "[a]nalysis of [the] claims by traditional corporate law principles is difficult and unsatisfying." 68th Street Apartments, Inc. v. Lauricella,362 A.2d 78, 84 (N.J.Super. 1976). Traditional principles of corporate law "derive from the view of the corporate entity as separate and distinct from its shareholders . . . whose business is conducted not by its principals but by elected directors . . . ." Id., citing Helms v. Duckworth, 249 F.2d 482, 486-87 (D.C. Cir. 1957). In contrast, "the close corporation is often little more than an `incorporated' or `chartered' partnership . . . ." Donahue v.Rodd Electrotype Co., 328 N.E.2d 505, 512 (Mass. 1975). "In essence . . . the enterprise remains one in which ownership is limited to the original parties . . . in which ownership and management are in the same hands . . . ." Id. In a closely held corporation where management and ownership are substantially identical, "the independent judgment of directors is, in fact, a fiction." 68th Street Apartments, Inc. v. Lauricella, supra, 362 A.2d 84. CT Page 8640
Based on the alleged wrongful conduct of Galog, and the ownership and management structure of STG, the plaintiff's failure to make demand is excusable, as demand would be futile in the present case. Thus, the court finds that the plaintiff's failure to make demand does not affect the plaintiff's standing to sue on behalf of STG, and does not deprive the court of subject matter jurisdiction to hear this action. Accordingly, Galog's motion to dismiss the first and second counts of the plaintiff's complaint is. denied.
MAIOCCO, JUDGE